J. M. SEIPPEL, Appellant, v. S. A. BLAKE, Appellee.

Boats and Rafts: MORTGAGE: CLAIM FOR LABOR: SEIZURE UNDER WARRANT: PRIORITY OF LIENS. The provisions of section 3432 of the Code that, in an action for labor or material furnished for the construction or operation of a boat, a warrant may issue for the seizure of such boat. do not give to the plaintiff in such action a lien upon the boat before seizure.

Appeal from Clayton District Court.—HON. L. O. HATCH, Judge.

SATURDAY, MAY 28, 1892.

M. H. ADAMS owned a horse ferryboat, running between the village of Clayton, in Clayton county, Iowa, and a point on the opposite side of the river in Wisconsin. On the eleventh day of January, 1886, he made to one Chandler a chattel mortgage on said boat to secure eighty-five dollars and fifty cents; and on the eleventh day of May, 1886, he made another mortgage thereon to one Schulte to secure the sum of three hundred dollars. Both mortgages contained provisions that the mortgagee could take possession of the boat at his election, were duly recorded in Clayton county, Iowa, and were duly assigned to the plaintiff. Under employment by Adams, the defendant Blake worked for him in operating the boat from April 10 to July 16, 1886, for which there is due to Blake eighty-three dollars and ninety-three cents. Under the provisions of chapter 12, title 20, of the Code, "Of Actions against Boats or Rafts," Blake obtained a warrant and seized the boat. Thereafter the plaintiff, as a mortgagee, brought this action in replevin to

recover the possession. To the answer, based on the facts as stated, the district court overruled a demurrer, and gave judgment for the defendants, from which the plaintiff appeals.—*Reversed.*

*J. Larkin*, for appellant.

No appearance for appellee.

GRANGER, J.—The trial judge certified the following as the question of law involved in the case:

"If a ferryboat is seized and held by a constable under and by virtue of a warrant issued by the district court under section 3432 of the Code, in an action by a party against the owner of said boat to recover for services which were performed in operating said boat under a contract with such owner, and while the boat was in the owner's possession, is a person who owns and holds an unpaid mortgage on said boat, and recorded before the labor in operating said boat was commenced, legally entitled to the possession of said boat on demand, as against said constable so holding said boat?"

The question is important, and we regret that it must be determined in the absence of an argument by the appellee. The following are the more important sections of the chapter of the Code "Of Actions against Boats or Rafts:"

Section 3432. "In an action brought against the owners of any boat to recover any debt contracted by such owner, or by the master, agent, clerk, or consignee thereof, for supplies furnished or for labor done in, about, or on such boat, or material furnished in building, repairing, fitting out, furnishing or equipping the same; or to recover for the nonperformance of any contract relative to the transportation of persons or property thereon, made by any of the persons aforementioned, or to recover injury to persons or property

by such boat, or the officers or the crew thereof, done in connection with the business of such boat, a warrant may issue for the seizure of such boat, as hereinafter provided."'

Section 3439: "If judgment be rendered for the plaintiff before the boat is  *  *  *  discharged, a special execution shall be issued against it.   If it have been previously discharged, the execution shall issue against the principal and sureties in the bond, without further proceedings."

The other sections treat of the manner of commencing the action, the issuing and service of the warrant and notice, the appearance, the discharge of the boat before judgment, by giving bond, the manner of sale, and that the action may be against the boat. There is no language in the chapter giving to a laborer on a boat a lien prior to its seizure, and, if one exists, it must be by a necessary implication from the expressed provisions of the law.   The only provisions of the chapter which, to our minds, give any support to such a claim, are those quoted, giving the right of seizure before judgment, without regard to the personal responsibility of the employer, and the sale of the boat thereafter, to satisfy the judgment.   If we aid this by such considerations as will indicate the merits of such a law, the conclusion is still untenable.   It is easy to understand that the legislature intended to extend, to the classes of creditors permitted to make such seizures, an unusual means for the collection of their claims, because of the migratory character of the property to which they might be compelled to look to enforce collection; but it is not easy to understand that a lien was intended in their favor prior to the seizure, in the absence of a statutory word to indicate it.   Looking to the different liens under our laws, and the specific terms by which they are created, and the further fact that many of them were created by the same legis-

lative act—the enactment of the Code—as the chapter in question, and the conclusion against the existence of such a lien is quite irresistible. The same chapter gives a lien as to rafts, and let us observe how it is created. By other sections the raft is made liable for all debts contracted by the owner, and the same process is to be had against the raft as against the boat, and the same means of enforcement; but, to create a lien before seizure, it is provided: "Section 3446. Claims growing out of either of the above classes shall be liens upon the raft  *  *  *  for the term of twenty days from the time a right of action therefor accrued."

But another thought seems to be quite conclusive of the question. The Code with the chapter "Of Actions against Boats or Rafts," went into effect September 1, 1873, and in express terms repealed all general statutes of prior enactment. Code, section 47. The Revision contained a chapter on the same subject, and made the boat liable for all debts for which a seizure is authorized under the present law. It also gave a lien as follows: "Section 3694. Claims growing out of any of the above causes are liens upon the boat, its apparel, tackle, furniture, and appendages, including barges and lighters, if owned by the owners of the boat, and used therewith at the time the suit is commenced. Section 3695. Such liens take preference of any claims against the boat itself, or any or all of its owners, growing out of any other causes than those above enumerated." This was a general statute, the subject of which was revised in the Code, and was in terms repealed by its enactment. This leaves little room to doubt the *status* of the law, and that no lien existed in favor of the defendant before the seizure. Nothing before us indicates that the question is to be answered upon any consideration except that of a priority of liens, and our conclusion is that the answer should be in the affirmative. REVERSED.